### UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ATLAS STAINLESS CORPORATION PRIVATE LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant. | Court No. 26-02192 |

### COMPLAINT

Atlas Stainless Corporation Private Limited ("Plaintiff" or "Atlas"), by and through its counsel of record, alleges and states as follows:

### I.    JURISDICTIONAL STATEMENT

1. This action is brought pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii). This Court has exclusive jurisdiction pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

2. Plaintiff seeks judicial review of certain portions of the final results of the administrative review of the antidumping duty order on stainless steel bar from India (Case No. A-533-810) for the period February 1, 2023, through January 31, 2024, issued by the U.S. Department of Commerce ("Commerce" or the "Department") and published in the *Federal Register* as *Stainless Steel Bar From India: Final Results and Rescission, in Part, of Antidumping Duty Administrative Review; 2023-2024*, 91 Fed. Reg. 7,442 (Dep't Commerce Feb. 18, 2026) ("Contested Final Determination"). Commerce's factual and legal conclusions underlying the Contested Final Determination are set forth in the "Decision Memorandum for the Final Results

Court No. 26-02192

of the Antidumping Duty Administrative Review of Stainless Steel Bar from India; 2023-2024"
dated February 11, 2026 ("Final Decision Memorandum"). Commerce also issued an analysis
memorandum specific to Plaintiff. *See* Administrative Review of the Antidumping Duty Order on
Stainless Steel Bar from India: Atlas Final Analysis Memorandum, dated February 11, 2026
("Atlas Final Analysis Memorandum").

## II.    STANDING OF PLAINTIFF

3.    Plaintiff Atlas is a foreign producer and exporter of stainless steel bar covered by
the antidumping duty order and the administrative review proceeding now being challenged.
Plaintiff Atlas is therefore an interested party as defined in 19 U.S.C. § 1677(9)(A). Plaintiff
participated in the underlying proceeding by filing questionnaire responses, filing case and rebuttal
briefs and other comments. Therefore, as an interested party that was party to the proceeding below,
Plaintiff has standing to bring this action under 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## III.    TIMELINESS OF THIS ACTION

4.    This action is timely under 28 U.S.C. § 1581(c). Commerce published its final
results of the administrative review on February 18, 2026. S*tainless Steel Bar From India: Final
Results and Rescission, in Part, of Antidumping Duty Administrative Review; 2023-2024,* 91 Fed.
Reg. 7,442 (Dep't Commerce Feb. 18, 2026). In accordance with 19 U.S.C. § 1516a(a)(2)(A),
Plaintiff commenced this action within 30 days of the publication of Commerce's Contested Final
Determination in the *Federal Register* by filing a summons on March 17, 2026. Plaintiff is filing
this Complaint on April 10, 2026, which is within 30 days of the date of the filing of the summons
as set forth in CIT Rule 3(a)(2). Accordingly, this action is timely filed under 19 U.S.C.
§ 1516a(a)(2)(A).

2

Court No. 26-02192

## IV.    STATEMENT OF THE FACTS

5.    In response to timely filed requests, Commerce initiated an antidumping duty administrative review of stainless steel bar from India for the period February 1, 2023, through January 31, 2024. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 89 Fed. Reg. 24,780 (Dep't Commerce Apr. 9, 2024).

6.    Commerce selected Atlas as one of the mandatory respondents in the review and issued to Atlas its initial questionnaire.

7.    From July 2024 through December 2024, Atlas submitted to Commerce timely responses to the Department's initial questionnaire and supplemental questionnaires.

8.    On June 11, 2025, Commerce published in the Federal Register its preliminary results. *See Stainless Steel Bar From India: Preliminary Results and Intent To Rescind, in Part, of Antidumping Duty Administrative Review; 2023-2024* (Dep't Commerce June 11, 2025) ("Preliminary Results"), and accompanying "Decision Memorandum for the Preliminary Results of Antidumping Duty Administrative Review; 2023-2024" (June 5, 2025) ("Preliminary Decision Memorandum").

9.    In the Preliminary Results, Commerce preliminarily determined that Atlas Stainless Corporation Private Limited (Atlas) should be collapsed – i.e., treated as single entity – with Astrabright LLP, Bahubali Steel Industries, Eurostahl Tech LLP, Venus Metal Corporation, Precision Metals, Venus Wire Industries Private Limited, Hindustan Inox Limited ("Hindustan"), and Sieves Manufactures (India) Private Limited ("Sieves"). *See* Preliminary Decision Memorandum at 1 and 5. Of the companies collapsed with Atlas, Hindustan and Sieves were identified by Atlas as unaffiliated with Atlas. Atlas also explained that it had no control over

3

Court No. 26-02192

Hindustan and Sieves, and was not able to obtain any information from Hindustan and Sieves in response to Commerce's questionnaires. *See* Preliminary Decision Memorandum at 6.

10.    Commerce determined that because Atlas failed to provide a response on behalf of Hindustan and Sieves, necessary information required to determine accurate dumping margins for Atlas was missing from the record. Furthermore, Commerce stated that it was applying facts otherwise available with an adverse inference under 19 U.S.C. § 1677e(b) because Atlas "has not acted to the best of its ability to submit a complete and timely response. . . ." *See* Preliminary Decision Memorandum at 7-8. As adverse facts available, Commerce disregarded data submitted by Atlas and assigned to Atlas a preliminary dumping margin of 30.92 percent, which represented the highest calculated margin for any respondent from a previous review. *See* Preliminary Decision Memorandum at 9.

11.    On August 19, 2025, Atlas submitted an administrative case brief to Commerce arguing that the Department's preliminary decision to collapse Atlas with Hindustan and Sieves was erroneous because Atlas is not affiliated with Hindustan or Sieves and there is no significant potential for manipulation of price or production given the lack of any evidence of intertwined operations between the companies. Atlas also argued that Commerce erred by applying total adverse facts available because Atlas had cooperated by acting to the best of its ability.

12.    On February 12, 2026, Commerce issued the Contested Final Determination, and its accompanying Final Decision Memorandum. The Contested Final Determination was published in the Federal Register on February 18, 2026.

13.    In the Contested Final Determination, Commerce continued to treat Atlas as affiliated with Hindustan and Sieves, and continued to collapse Atlas with Hindustan and Sieves. *See* Final Decision Memorandum at 10.

4

Court No. 26-02192

14.    As in the Preliminary Results, Commerce applied total adverse facts available and assigned to Atlas a dumping margin of 30.92 percent in the Contested Final Determination.

## STATEMENT OF CLAIMS

15.    In the following respects and for other reasons apparent from the record of the proceeding, the Contested Final Determination is not supported by substantial evidence on the record or otherwise not in accordance with law.

### Count One

16.    Paragraphs 1 through 15 are incorporated by reference.

17.    Commerce's determination to find Atlas to be affiliated with Hindustan and Sieves is not supported by substantial evidence on the record and is otherwise not in accordance with the law.

### Count Two

18.    Paragraphs 1 through 17 are incorporated by reference.

19.    Commerce's determination to collapse Atlas with Hindustan and Sieves is not supported by substantial evidence on the record and is otherwise not in accordance with the law.

### Count Three

20.    Paragraphs 1 through 19 are incorporated by reference.

21.    Commerce's determination to assign Atlas a final antidumping duty rate based on total adverse facts available is not supported by substantial evidence on the record and is otherwise not in accordance with the law.

## PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, Plaintiff Atlas Stainless Corporation Private Limited respectfully requests that the Court:

ACTIVE 722439053v1

Court No. 26-02192

(A)    Enter judgment in favor of Plaintiff;

(B)    Hold as unlawful Commerce's final antidumping duty determination that is the subject of this complaint;

(C)    Remand this proceeding to Commerce with instructions to publish a revised final results of review and recalculation of the antidumping duty rate applied to Atlas and its affiliates in conformity with the Court's decision; and

(D)    Grant Plaintiff such additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/ *Rosa S. Jeong*
Rosa S. Jeong
Hugh A. Smachlo
GREENBERG TRAURIG, LLP
2101 L Street NW, Suite 1000
Washington, DC 20037
(202) 533-2328

*Counsel for Atlas Stainless Corporation Private Limited*

Dated:  April 10, 2026

6

ACTIVE 722439053v1